UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE SANCHEZ,<br><br>   Defendant. | CASE NO. 22-CR-00134-LK<br><br>THIRD ORDER CONTINUING SENTENCING |

      This matter comes before the Court on the parties' Stipulated Motion to Continue Sentencing. Dkt. No. 37. Mr. Sanchez pleaded guilty to one count of Possession of Child Pornography and is currently scheduled for sentencing on June 7, 2023. *See* Dkt. No. 35 at 1–3 (recounting previous continuances and setting new sentencing date).

      The parties wish to continue sentencing to July 19, 2023 because Mr. Sanchez "suffered a medical incident on May 23, 2023, during which he lost consciousness for multiple minutes, and from which he continues to have lingering symptoms." Dkt. No. 37 at 1; *see also* Dkt. No. 37-1 at 1 (describing incident). Mr. Sanchez believes that he suffered a "mini-stroke" and continues to experience blurred vision in his left eye, reduced sensation around his left eye, intermittent

THIRD ORDER CONTINUING SENTENCING - 1

drooping of his left cheek, and intermittent headaches above his left eye. Dkt. No. 37 at 2. Defense counsel accordingly needs more time to resolve Mr. Sanchez's "medication issues" prior to sentencing. *Id.* at 3. Resolution of these issues, according to defense counsel, remains critical for the reasons outlined in the parties' previous stipulation. *Id.* at 3–4; *see* Dkt. No. 34 at 3–4 (previous stipulation outlining reasons for pre-sentencing resolution of medication issues); Dkt. No. 35 at 2–3 (Order discussing same). Defense counsel avers that she "will continue to advocate for [Mr. Sanchez] with the FDC surrounding his medical needs, but these efforts can be slow given FDC staffing issues and policies against sharing any medical information with defense counsel." Dkt. No. 37 at 2; *id.* at 2–3 ("FDC detainees generally have to submit multiple medical requests before they are seen and defense counsel is generally only able to receive medical information through a client and medical records the client can request from the facility."). Specifically, Mr. Sanchez's "medical status may impact the defense's BOP placement recommendation request," and the defense also wishes to provide time for Mr. Sanchez to stabilize to the extent possible before any facility transfer in anticipation of potential gaps in medication and/or treatment during the transfer. *Id.* at 3–4.

Although the Court generally "must impose sentence without unnecessary delay," it may, for "good cause," deviate from the time limits prescribed by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32(b); *see, e.g.*, *United States v. Firestack-Harvey*, No. 13-CR-0024-TOR, 2015 WL 3533222, at *3 (E.D. Wash. June 4, 2015) (staying sentencing to allow parties adequate time to prepare). And the Local Rules expressly contemplate a sentencing continuance "based on the need for more time." LCrR 32(i)(1)(B). Here, Mr. Sanchez has demonstrated good cause for an additional continuance in light of his recent medical issues. The Court finds that the interests of the public and Mr. Sanchez in a more immediate sentencing are outweighed by the ends of justice.

THIRD ORDER CONTINUING SENTENCING - 2

Finding good cause, the Court CONTINUES sentencing to July 19, 2023 at 10:00 a.m.

Dated this 30th day of May, 2023.

Lauren King<br>
United States District Judge